UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL M. McCREARY,

               Petitioner,           Case No. 2:26-cv-11933

v.                         Honorable Susan K. DeClercq
                             United States District Judge
ERIC RARDIN,

               Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS
PETITION (ECF No. 1) AND DENYING OUTSTANDING MOTION AS
MOOT (ECF No. 7)**

Petitioner Carnell M. McCreary is a federal pretrial detainee who filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a later

miscellaneous motion regarding his Trust Fund and mail. But because McCreary is

not entitled to relief he seeks, this Court will summarily dismiss the petition (ECF

No. 1) and deny the motion as moot (ECF No. 7).

**I. BACKGROUND**

McCreary is currently confined at the Federal Correctional Institution in

Milan, Michigan. ECF No. 1-2 at PageID.14. On June 9, 2026, McCreary filed a *pro*

*se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In

his petition, McCreary challenges his ongoing federal criminal prosecution before

United States District Judge Mark A. Goldsmith, in which he is charged with unlawful transport of firearms in violation of 18 U.S.C. § 922(g). *See generally id.* (identifying the corresponding Magistrate Judge case number 2:26-mj-30228 and arguing that the complaint therein should be dismissed); *see also United States v. McCreary*, Case No. 26-cr-20326 (E.D. Mich.) (hereafter *McCreary II*).

Although somewhat difficult to follow, McCreary appears to be raising claims concerning the validity of the criminal complaint, the court's jurisdiction, the constitutionality of the criminal statute, the legality of his arrest, and conspiracy. ECF No. 1 at PageID.1–11. He seeks dismissal of the charges.[1]  *Id.* at PageID.5.

But when McCreary filed his petition, he did not pay the $5.00 filing fee nor apply to proceed *in forma pauperis*, so the Court ordered him to correct the deficiency.[2]  ECF No. 3. In response, McCreary filed a motion requesting that

---

[1] This Court notes that McCreary has a pending motion to dismiss the complaint in his federal criminal case, *McCreary II*, ECF No. 22, with a jury trial scheduled for July 28, 2026. ECF Nos. 21; 22. McCreary is representing himself with the assistance of standby counsel in that case. *See* ECF No. 22 (noting that McCreary filed the motion to dismiss *pro se* with appointed counsel on standby only).

[2] The Court also amended the case caption by terminating five respondents—AUSA Philip Matthew Jacques, Special Agent Jamerica Caldwell, and three John Does— noting that the only appropriate respondent for his petition is the state custodial officer, Respondent Warden Eric Rardin. ECF Nos. 2; 8. McCreary filed an "objection" to this change, s*ee* ECF No. 6, but it will not be addressed since it is moot in light of this Order.

Rardin send the $5.00 filing fee from McCreary's prison account to the Court and raising concerns about the opening of his legal mail. ECF No. 7.

## II. LEGAL STANDARD

Promptly after the filing of a habeas petition, courts must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ((authorizing district courts to summarily dismiss habeas corpus petitions that facially appear to show that the petitioners are not entitled to federal habeas relief); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (imposing a duty to on district courts to "screen out" petitions that lack merit on their face); *Switek v. Michigan*, 587 F. Supp. 3d 622, 624 (E.D. Mich. 2021) (same); Rule 4, RULES GOVERNING § 2254 CASES.

## III. DISCUSSION

McCreary appears to be using a habeas petition as a vehicle for arguing that the complaint and criminal litigation against him in the case before Judge Goldsmith should be dismissed. But because McCreary is not entitled to such relief from this

- 3 -

Court through a habeas petition, the petition will be dismissed.

A federal pretrial detainee generally may not challenge a pending federal prosecution through a petition for a writ of habeas corpus.[3] *See Jones v. Perkins*, 245 U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."). This is primarily because "principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Hargrove v. Howes*, No. 05-CV-73839, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D. N.C. 2001)). Especially where a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted before the trial court and on direct appeal—or possibly collateral review—before habeas relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557, 557–58 (6th Cir. 2001) (dismissing a habeas petition filed while criminal

---

[3] The same is true of a state pretrial detainee, who may bring a federal habeas action to demand a speedy trial, but not to forestall state prosecution altogether. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–91 (1973). Although 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

- 4 -

charges were pending against the petitioner because the petitioner had to exhaust his remedies at trial first); *Carpenter v. Rardin*, No. 2:25-cv-12861, 2025 WL 2691101, *3 (E.D. Mich. Sept. 18, 2025) (dismissing premature habeas petition).

Here, McCreary is a federal pretrial detainee, so his petition regarding pending criminal charges is not an appropriate remedy to the claims he raises. *See Hargrove*, 2005 WL 3021966, *1 ("[A] habeas petition brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pre-trial detainee to allege that he is being held in custody in violation of his right to a speedy trial [or other constitutional trial rights]."). And because his habeas claims, if proven, could be dispositive of his pending federal criminal charges, he must exhaust those claims before the trial court, as well as on direct appeal before seeking federal habeas relief. *See Sandles*, 22 F. App'x at 557. At bottom, "[i]t is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *Carpenter*, 2025 WL 2691101, at *2 (citing *Jones*, 245 U.S. at 391). Therefore, McCreary cannot proceed with his petition at this time, and this Court will summarily dismiss his petition without prejudice.[4]

---

[4] The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Petitioner's Motion Requesting Respondent to Release Funds From Trust Account and LETTER, ECF No. 7, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 7, 2026

- 6 -